UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
 )
    Plaintiff, )
 )
v. ) No. 3:17-CR-89
 ) JUDGES Reeves/Guyton
JUSTIN KYLE PHELPS, )
 )
    Defendant. )

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about December 19, 2016, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS, using a facility or means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit, T.Z., to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-522, which prohibits any person from sexually penetrating a minor or being sexually penetrated by a minor if the minor victim is more than three years of age but less than thirteen years of age, in violation of Title 18, United States Code, Section 2422(b).

### COUNT 2

On or about December 19, 2016, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS, using a facility or means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit, S.N., to engage in sexual activity for which any person can be charged with a criminal offense, to wit, a Tennessee Code Annotated Section 39-13-506(c), which prohibits any person from sexually penetrating a minor or being sexually penetrated by a minor if the minor victim is at least thirteen years of age but less than eighteen years of age and the defendant is at

least ten years older than the victim, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 3

On or about December 29, 2016, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS did, by means of interstate commerce, knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, to wit, S.L, knowing that the other individual had not attained the age of 16 years, in violation of Title 18, United States Code, Section 1470.

## COUNT 4

From on or about December 29, 2016, to on or about December 30, 2016, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS, using a facility or means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit, S.L., to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-506(c), which prohibits any person from sexually penetrating a minor or being sexually penetrated by a minor if the minor victim is at least 13 years of age but less than eighteen years of age and the defendant is at least ten years older than the victim, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 5

On or about January 3, 2017, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS did, by means of interstate commerce, knowingly attempt to transfer obscene matter to another individual who had not attained the age of 16 years, to wit, A.M., knowing that the other individual had not attained the age of 16 years, in violation of Title 18, United States Code, Section 1470.

## COUNT 6

On or about January 3, 2017, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS, using a facility or means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit, A.M., to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-522, which prohibits any person from sexually penetrating a minor or being sexually penetrated by a minor if the minor victim is more than three years of age but less than thirteen years of age, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 7

On or about February 12, 2017, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS, using a facility or means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit, A.D., to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Tennessee Code Annotated Section 39-13-506(c), which prohibits any person from sexually penetrating a minor or being sexually penetrated by a minor if the minor victim is at least 13 years of age but less than eighteen years of age and the defendant is at least ten years older than the victim, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 8

On or about March 3, 2017, within the Eastern District of Tennessee, defendant JUSTIN KYLE PHELPS did knowingly employ, use, persuade, induce, entice, and coerce a minor, to wit C.H., to engage in sexually explicit conduct for the purpose of producing any visual depiction of

3

Case 3:17-cr-00089-RLJ-JEM   Document 19   Filed 08/15/17   Page 3 of 5   PageID #: 38

such conduct, and the visual depiction was transported and transmitted in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 9 of this Indictment are re-alleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections, 1467, 2428 and 2253.

2. Pursuant to Title 18, United States Code, Sections 2428 and 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2422, 2251 or 2252A, the defendant JUSTIN KYLE PHELPS shall forfeit to the United States of America his interests in the following:

    a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

3. This property to be forfeited includes, but is not limited to, the following property:

    a. Apple iPhone Model A1662 seized from defendant JUSTIN KYLE PHELPS on March 13, 2017; and

4

b. Apple iPhone Model A1532 seized from defendant JUSTIN KYLE PHELPS on March 13, 2017.

4. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL:

**SIGNATURE REDACTED**
GRAND JURY FOREPERSON

NANCY STALLARD HARR
UNITED STATES ATTORNEY

_____
MATTHEW T. MORRIS
Assistant United States Attorney

5