UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-89-PLR-HBG |
| | ) | |
| JUSTIN KYLE PHELPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 5, 2018, for a motion hearing on the Defendant's Motion to Continue Trial [Doc. 33], filed on December 21, 2017. Assistant United States Attorney Matt Morris appeared on behalf of the Government. Attorney Russell Green appeared by phone on behalf of the Defendant who was also present.

The Defendant request that the January 16, 2018 trial be continued. The motion states that after reviewing the discovery in this case, including supplemental discovery provided on December 19, 2017, more time is needed for defense counsel to respond with motions and possibly employ the services of an expert witness. During the hearing, defense counsel stated that an expert witness has been consulted and has requested the raw data from the mental health evaluation that has been conducted in this case. The Government stated it does not object to a continuance in this matter. The parties than agreed on a new trial date of May 1, 2018.

1

The Court finds the Defendant's motion to continue to be well-taken, and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that the Defendant's motion demonstrates a need for additional time for defense counsel to review discovery, consult an expert wintess, and investigate the facts of the case. The Court finds that this necessary trial preparation could not take place before the January 16, 2018 trial date. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Defendant's Motion to Continue Trial [**Doc. 33**] is **GRANTED**, and the trial is reset to **May 1, 2018**. The Court also finds that all the time between the filing of the instant motion on December 21, 2017, and the new trial date of May 1, 2018, to be fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to further scheduling in this case, a pretrial conference is set for **April 17, 2018 at 11:00 a.m.** This date shall also serve as the deadline for concluding plea negotiations. Moreover, all motions *in limine* must be filed no later than **April 16, 2018**. In addition, special requests for jury instructions shall be submitted to the District Court no later than **April 20, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion to Continue Trial [**Doc. 33**] is **GRANTED**;
>
> (2) The trial of the Defendant is reset to **May 1, 2018**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3)  All time between the filing of the instant motion on **December 21, 2017**, and the new trial date of **May 1, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  A pretrial conference is set for **April 17, 2018 at 11:00 a.m.**;

(5)  The parties shall have up to and including **April 17, 2018**, to conclude plea negotiations;

(6) Motions *in limine* must be filed no later than **April 16, 2018**; and

(7)  Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 20, 2018**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge