UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:17-cr-89 |
| JUSTIN KYLE PHELPS, | ) JUDGES REEVES/GUYTON ) ) |
| Defendant. | ) |

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, JUSTIN KYLE PHELPS, and the defendant's attorney, Russell T. Greene, have agreed upon the following:

1. The defendant will plead guilty to Counts 1, 2, 4, 6, 7 and 8 of the Indictment:

    a. Counts 1, 2, 4, 6, and 7 charge the defendant with knowingly persuading, inducing, enticing, and coercing a minor to engage in sexual activity for which a person can be charged with a criminal offense in violation of 18 U.S.C. § 2422(b), or attempting to do so. The punishment for this offense is a term of imprisonment of not less than ten (10) years up to life; a fine of up to $250,000; a term of supervised release of not less than five (5) years up to life; and a $5,000 special assessment.

    b. Count 8 charges the defendant with using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct that was transported in interstate or foreign commerce in violation of 18 U.S.C.§ 2251(a). The punishment for violating 18 U.S.C.§ 2251(a) is imprisonment for a term of not less than fifteen (15) years up to thirty (30) years; fine of up to $250,000; supervised

1                                        Defendant's initials: JP

release for not less than five (5) years up to life; any lawful restitution; any lawful asset forfeiture, and a $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is, in fact, guilty.

   a. In order to be guilty of an offense under 18 U.S.C. § 2422(b) as charged in Counts 1, 2, 4, 6, and 7, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) that the defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in unlawful sexual activity, or attempted to do so; (ii) that the defendant used a means or facility of interstate commerce to do so; and (iii) that the defendant believed that the individual was under the age of 18 years.

   b. In order to be guilty of knowingly using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in interstate commerce as charged in Count 8, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (i) that the defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; (ii) that the individual was a minor at the time; and (iii) that the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce; or the defendant knew or had reason to know that the visual depiction was

2    Defendant's initials: JP

Case 3:17-cr-00089-RLJ-JEM   Document 40   Filed 06/26/18   Page 2 of 11   PageID #: 124

going to be transported in interstate commerce; or that the visual depiction actually transported in interstate or foreign commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a. The defendant established two personas on Facebook, a social media application operating in interstate commerce on the Internet. One of the personas, which he established under the name "Vickie Reddington," defendant posed as a female; the second persona he established under the name of "Justin Meh." The defendant utilized these personas to establish online acquaintances with minor females and males.

    b. The defendant used Facebook Messenger, a Facebook feature which includes the ability for users to exchange private messages and files, as well as communicating via video or audio connections, to communicate with minor females and males, to befriend them, and entice them to meet him for the purpose of having sex, or attempted to do so.

    c. The defendant also used Facebook Messenger to direct minors to take digital photographs of themselves engaged in sexually explicit conduct and send them to the defendant.

    d. On or about December 19, 2016, the defendant knowingly attempted to entice a minor female, T.Z., to perform oral sex on the defendant in communications transmitted to T.Z. through Facebook Messenger. As of December 19, 2016, the

3

Defendant's initials: JP

defendant was 25 years old and T.Z. was 12 years old. At the time, the defendant knew that T.Z. was a minor.

e. On or about December 19, 2016, the defendant knowingly enticed a minor female, S.N., to have sex with the defendant in communications transmitted to S.N. through Facebook Messenger. As of December 19, 2016, the defendant was 25 years old and S.N. was 14 years old. At the time, the defendant knew that S.N. was 14 years old.

f. On or about December 30, 2016, the defendant knowingly enticed a minor female, S.L., to have sex with the defendant in communications transmitted to S.L. through Facebook Messenger. As of December 30, 2016, the defendant was 25 years old and S.L. was15 years old. At the time, the defendant knew that S.L. was a minor.

g. On or about January 3, 2017, the defendant knowingly attempted to entice a minor male, A.M., to have sex with the defendant in communications transmitted to A.M. through Facebook Messenger. As of January 3, 2017, the defendant was 25 years old and A.M. was 12 years old. At the time, the defendant knew that A.M. was a minor.

h. On or about February 12, 2017, the defendant knowingly attempted to entice a minor female, A.D., to have sex with the defendant in communications transmitted to A.D. through Facebook Messenger, As of February 12, 2017, the defendant was 26 years old and A.D. was 13 years old. At the time, the defendant knew that S.L. was a minor.

i. On or about March 3, 2017, the defendant knowingly employed, used, induced, and enticed a minor, C.H., to photograph herself engaged in sexually explicit conduct, that is with toothbrushes and pencils inserted into C.H.'s anus and vagina, and send them to him via Facebook Messenger. As of March 3, 2017, the defendant was 26

4    Defendant's initials: JP

Case 3:17-cr-00089-RLJ-JEM   Document 40   Filed 06/26/18   Page 4 of 11   PageID #: 126

years old and C.H. was 12 years old. At the time the defendant knew that C.H. was a minor.

j.  All of the above-described conduct occurred within the Eastern District of Tennessee.

5.  The defendant understands that by pleading guilty the defendant is giving up several rights, including:

   a.  the right to plead not guilty;

   b.  the right to a speedy and public trial by jury;

   c.  the right to assistance of counsel at trial;

   d.  the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e.  the right to confront and cross-examine witnesses against the defendant;

   f.  the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

   g.  the right not to testify and to have that choice not used against the defendant.

6.  Pursuant to Rule 11(c)(1)(B), the defendant and the United States agree that the following provisions of the Sentencing Guidelines apply to the defendant's sentence. The parties expressly reserve the right to assert that other provisions of the Sentencing Guidelines are applicable or inapplicable to the defendant's Sentencing Guidelines calculation:

### COUNTS 1, 2, 4, 6, and 7

   a.  For the purpose of § 2G1.3(a), the base offense level is 28;

   b.  For the purpose of § 2G1.3(b)(4), the offense set forth in Counts 1, 2, and 4 involved the commission of a sexual act or sexual contact;

5    Defendant's initials: JP

COUNT 8

  c.  For the purpose of § 2G2.1(a), the defendant's base offense level is 32;

  d.  For the purpose of § 2G2.1(b)(1), the material involved a minor who had attained the age of twelve years, but had not attained the age of sixteen years;

  e.  For the purpose of § 2G2.1(b)(2)(A), the offense involved the commission of a sexual act.

In the event that the Court declines to accept the parties' position on these Guidelines provisions, the defendant will <u>not</u> have the right to withdraw the defendant's guilty plea.

  7.  Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

  8.  The defendant agrees to pay the special assessment in this case prior to sentencing.

  9.  Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all child pornography

and assets and property that were used and/or intended to be used in any manner to commit or to promote the commission of the offenses set forth in the Indictment in this case, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. This specifically includes the properties identified in the forfeiture allegations in the Indictment. The defendant further agrees to assist the United States fully in the identification, recovery and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the

7   Defendant's initials: JP

authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a. If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c. If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this

8                                           Defendant's initials: JP

agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a. The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

    b. The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

    c. The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have

9          Defendant's initials: JP

the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

14. The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where he resides; (2) where he is employed; and (3) where he is a student. The defendant understands that the requirements for registration include providing: (1) his name; (2) his residence address; and (3) the names and addresses of any places where he is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and the supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty pleas to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

June 26, 2018
Date

By: *Matthew T. Morris / KAM*
Matthew T. Morris
Assistant United States Attorney

6-22-18
Date

*Justin Phelps*
Justin Kyle Phelps
Defendant

6/22/18
Date

Russell T. Greene
Attorney for the Defendant

11   Defendant's initials: _____