UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:17-CR-89 |
| v. | ) | |
| | ) | JUDGE REEVES/GUYTON |
| JUSTIN KYLE PHELPS, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits this Sentencing Memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The United States has reviewed the Presentence Investigation Report ("PSR") dated October 22, 2018, prepared by Robert Scott Queener, United States Probation Officer. The United States has no objections to the PSR. *See* Doc. 52.

## INTRODUCTION

The United States respectfully requests that the Court impose a sentence that includes a term of imprisonment within the advisory Sentencing Guidelines range calculated in the PSR, *i.e.*, 262 to 327 months, to be followed by a term of supervised release of 20 years. The United States believes that a sentence within the Guidelines range is sufficient but not greater than necessary to accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) and would be an appropriate sentence in this case.

The defendant pleaded guilty to Counts 1, 2, 4, 6, 7 and 8 of the Indictment. Counts 1, 2, 4, 6, and 7 charged the defendant with using a facility of interstate commerce to entice or attempt to entice a minor to engage in unlawful sexual conduct, in violation of 18 U.S.C. § 2422(b). Count 8

of the Indictment charged the defendant with knowingly using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a).

**Nature and Circumstances of the Offenses/History and Characteristics of Defendant**

Under 18 U.S.C. § 3553(a)(1), the Court is required to consider the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant's offense conduct, history, and characteristics are troubling and merit the sentence sought herein.

The facts underlying the defendant's charges are disturbing. As detailed in the PSR, the defendant engaged in a widespread scheme to exploit minors for sex and for pornographic images of the minors via Facebook, a social media application operating in interstate and foreign commerce. The defendant established two personas on Facebook in order to befriend minors and lure them to have sex with him and send him graphic depictions of them engaged in sexually explicit conduct. Oftentimes, the defendant would use his female persona, "Vicky Reddington," whom he represented to be a minor as well, to reach out and befriend minor females and eventually engage them in discussions of a sexual nature. Generally, posing as Reddington, the defendant would suggest that the minors get to know Reddington's friend, "Justin Meh," including suggestions that the minors have sex with "Justin Meh." Then, posing as "Justin Meh," the defendant would engage the minor victims in conversations that eventually led to discussions of a sexual nature. Ultimately, the defendant would meet with the minors and have sex with them, including oral, vaginal, and anal sex. Oftentimes, the defendant would enter the minor victims' homes late at night and have sex with the minors while their parents were asleep. *See* PSR ¶30. The minor victims ranged in age from 12 to 15 years-old.

One of the minors, identified in Count Seven of the Indictment, described her interactions with the defendant as follows:

> [I]n December 2016 she received a "friend request" via Facebook from "Vicky Reddington," who claimed to be 13 years-old. The victim stated that she accepted the "friend request" from "Vicky Reddington." The victim stated she and "Vicky Reddington" then began chatting on Facebook Messenger. The victim stated that "Vicky Reddington" initially began speaking with her about shared interests such as modeling. The victim then stated that, after some time, "Vicky Reddington" began asking [the victim] if she had ever been active in oral sex, to which [the victim] replied "no." The victim further stated that, after some time of chatting about oral sex with "Vicky Reddington," she said she could introduce the victim to a male that could teach her about oral sex. The victim stated that she then received a "friend request" from "Justin Meh," who claimed to be 17 years of age. The victim stated that over the course of approximately two months she communicated with both "Vicky Reddington" and "Justin Meh" about oral sex. The victim went on to say that it upset her that both "Vicky Reddington" and "Justin Meh" were chatting about oral sex so much. The victim also stated that "Justin Meh" had requested nude images of her breast area via Facebook Messenger during this time period. The victim stated that she was also sent an image of a girl laying on a bed fully clothed and was asked to recreate the same pose, photograph herself in the pose, and send that image to the offender. The victim stated that on February 12, 2017 she finally agreed to engage in oral sex and gave directions to her house to the offender. The victim stated that "Justin Meh" informed her that he lived in another county which was about an hour's drive from Knoxville, TN. The victim stated that is when an individual opened her window on February 12, 2017.

Paragraph 20, Affidavit of Michelle Evans in Support of Search Warrant, Case No. 3:17-cr-2182. *See also*, PSR ¶¶ 30-31. Defendant's *modus operandi* commonly included misrepresenting his own age and sending requests that the minors send nude photographs of themselves to him; also, he typically sent the minors pictures of his erect penis. *See* PSR ¶¶ 29, 31, 32, 33, 36 and 37.

With regard to Count 8, the defendant coerced a 12-year-old Kingsport, Tennessee minor female victim to produce and send him graphic pornographic images of herself, including specifically requesting depictions of the minor with objects inserted into her vagina and anus. PSR ¶¶ 36 and 37.

3

Case 3:17-cr-00089-RLJ-JEM Document 53 Filed 11/13/18 Page 3 of 6 PageID #: 299

The defendant is a 27 year-old man with a prior Tennessee state conviction for attempted sexual exploitation of a minor stemming from his possession of over 100 images of child pornography. PSR ¶ 98. He has some mild medical problems, as well as emotional health issues. *Id.* at 108-118. The defendant has reported some prior substance abuse history. *Id.* ¶ 119. He has a high school diploma and some employment history, though he collected disability payments since 2011. *Id.* ¶¶ 120-21.

## Sentencing Purposes Set Forth in §3553(a)(2)

Further, pursuant to 18 U.S.C. § 3553(a)(2), the Court should consider the need for the sentence to:

    (a)    reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (b)    afford adequate deterrence to criminal conduct;

    (c)    to protect the public from further crimes of the defendant; and

    (d)    to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

The statutory sentencing factors merit a sentence within the advisory Guideline range in this case. The United States has a compelling interest in protecting children from individuals like the defendant who seek to exploit them. The child sexual exploitation statutes intend to provide just punishment for the online enticement and child pornography offenses that the defendant committed. The advancement and proliferation of technology has made it easier to harm children. The continued Congressional focus on additional protection of children from those who would exploit them by various means, including via the Internet, strongly indicates that a substantial sentence within the Guideline range is warranted to reflect the seriousness of the offenses.

Additionally, the Court can fulfill the statutory directive to protect society from further crimes of this defendant by imposing a lengthy prison sentence within the range, followed by a lengthy term of supervised release with special conditions of supervision for sex offenders and other special conditions suggested by the Probation Officer. PSR ¶¶ 136-145.

## Consideration of the Sentencing Guideline Range

The Court should give consideration and deference to the kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant. 18 U.S.C. § 3553(a)(4). The sentence sought herein would fall within the defendant's advisory Sentencing Guidelines range. The United States agrees with the Probation Officer that no factors would warrant a departure or variance from the advisory Sentencing Guideline range. *See* PSR ¶¶ 154-55. Further, the imposition of a within-Guidelines range sentence would help to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## CONCLUSION

For the reasons set forth above, the United States respectfully submits that a term of imprisonment within the advisory Sentencing Guidelines range of 262-327 months in prison, to be followed by a term of supervised release of 20 years, is an appropriate sentence under the circumstances of this case. This sentence would be sufficient, but not greater than necessary, to accomplish the sentencing purposes embodied in 18 U.S.C. § 3553(a)(2).

However, the United States intends to offer argument and proof at the sentencing hearing in support of its position on sentencing as it deems appropriate and as the Court permits.

Respectfully submitted this 13th day of November, 2018.

            J. DOUGLAS OVERBEY
            UNITED STATES ATTORNEY

        By: *s/ Matthew T. Morris*
           Matthew T. Morris
           Assistant United States Attorney
           800 Market Street, Suite 211
           Knoxville, TN 37902
           (865) 545-4167

## CERTIFICATE OF SERVICE

  I hereby certify that on November 13, 2018, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

        By: *s/ Matthew T. Morris*
           Matthew T. Morris
           Assistant United States Attorney

6

Case 3:17-cr-00089-RLJ-JEM   Document 53   Filed 11/13/18   Page 6 of 6   PageID #: 302