UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-89 |
| | ) | REEVES/GUYTON |
| JUSTIN KYLE PHELPS | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Defendant Justin Kyle Phelps ("Phelps") has filed a motion requesting an extension of time to file a motion under 28 U.S.C. § 2255 and for discovery so that he may prepare his filing [D. 69]. Phelps has not filed a motion under 28 U.S.C. § 2255 as of this date. For the reasons that follow, the Court cannot act on Phelps' requests prior to the filing of a § 2255 motion, and both requests will be denied as premature.

**I.      Motion for an Extension of Time to File a 28 U.S.C. § 2255 Motion**

Phelps requests a 90-day extension of time to file his motion to vacate, correct sentence under 28 U.S.C. § 2255. In support, Phelps asserts that, despite his diligent efforts, he has not been able to receive a copy of the record from his former attorney, Russell Greene.

However, Phelps has not yet filed any § 2255 motion, and a case under 28 U.S.C. § 2255 is distinct from the original criminal case. This presents a question: Can the Court grant an extension of time to file *prior* to the filing of a § 2255 motion? Due to the limits of this Court's jurisdiction prior to the filing of a § 2255 motion, the answer is no. *United States v. Asakevich*, 810 F.3d 418, 419 (6th Cir. 2016). This is not to say that the Court cannot grant an extension of time to *amend* a timely-filed § 2255 motion, but without a filing to initiate the case under 28 U.S.C. § 2255, this Court cannot constitutionally act. *See* U.S. CONST. art III, § 2; *Asakevich*,

1

810 F.3d at 419.  As a result, Phelps' motion for an extension of time will be denied as premature.

   II.   **Motion for Discovery**

Phelps also requests a copy of the record of his criminal case, along with transcripts, motions, plea documentation, warrants, indictments, presentence investigation reports and grand jury transcripts.

However, without a filing to initiate the case, the Court also does not have jurisdiction to grant this request.  Further, Phelps filing does not comply with the requirements of 28 U.S.C. § 753(f) to receive a free copy of transcripts in his criminal case.

Consequently, Phelps' motion for an extension of time to file a motion under 28 U.S.C. § 2255 will be **DENIED** as premature.  If Phelps intends to file such a motion, it must be filed within the statute of limitations set forth under 28 U.S.C. § 2255.  Only thereafter may this Court take action on any motions.  Likewise, Phelps' motion for discovery is **DENIED** as premature.

   **IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**